IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| 3SI SECURITY SYSTEMS, INC., : | |
|     Petitioner, : | |
| : | CIVIL ACTION |
| v. : | |
| : | NO. 07-4681 |
| PROTEK ELECTRONICS, INC., : | |
|     Respondent. : | |

## MEMORANDUM ORDER

**AND NOW**, this ____ day of July, 2008, upon consideration of Defendant's Motion to Dismiss (Doc. 3) and Plaintiff's Brief in Opposition to Defendant's Motion to Dismiss (Doc. 7), **IT IS HEREBY ORDERED and DECREED** that Defendant's Motion is **GRANTED IN PART AND DENIED IN PART**. Count V of Plaintiff's Complaint is **DISMISSED WITH PREJUDICE** for the following reasons:

> The gist of the action doctrine "precludes plaintiffs from re-casting ordinary breach of contract claims into tort claims." eToll, Inc. v. Elias/Savion Adver., 811 A.2d 10, 14 (Pa. Super. Ct. 2002) citing Bash v. Bell Tel. Co., 601 A.2d 825, 829 (Pa. Super. Ct. 1992). The difference between a cause of action for tort and breach of contract is that "tort actions lie for breaches of duties imposed by law as a matter of social policy, while contract actions lie only for breaches of duties imposed by mutual consensus agreements between particular individuals." Bash, 601 A.2d at 829. A breach of contract may give rise to a tort claim only when defendant's wrongful conduct is the gist of the action, and the contract is collateral. Pittsburgh Constr. Co. v. Griffith, 834 A.2d 572, 582 (Pa. Super. Ct. 2003) citing Bash, 601 A.2d at 829)
>
> To successfully prove a negligence claim a plaintiff must demonstrate the following elements: (1) a duty of care was owed by defendant; (2) defendant breached this duty; and (3) the breach resulted in injury. McCandless v. Edwards, 908 A.2d 900, 904 (Pa. Super. Ct. 2006) (citations omitted). Because Defendant's obligation to provide Plaintiff with FlexPac batteries arose from the contract and not from a general duty of care, Plaintiff's negligence claim should be barred by the gist of the action doctrine.
>
> In Factory Market v. Schuller Intl, defendant guaranteed plaintiff it would install a

watertight roof.  987 F. Supp. 387, 388 (E.D. Pa. Jan. 9, 1997).  Defendant promised to pay for any repairs needed to maintain the roof in a watertight condition.  Id. at 389.  From the onset "the roof was plagued with leaking problems," which defendant attempted to fix on a number of occasions.  Id.  Upon various unsuccessful attempts by defendant to repair the roof, plaintiff brought suit against defendant alleging breach of contract, negligence, and fraud.  Id. at 391.  The court held that plaintiff's negligence claim sounded more in contract than in tort.  Id. at 394.  Plaintiff merely alleged that defendant's repairs were negligently performed, and as a result the roof was not watertight despite defendant's guarantee.  Id. at 394-95.  The court ruled that defendant did not owe plaintiff a duty of care; rather defendant's obligation to repair the faulty roof was imposed by way of the contract, and without the contract plaintiff "simply would not have [had] a claim."  Id. at 395.  Therefore, the court barred plaintiff's negligence claim.  Id.

Turning to the case at hand, Plaintiff alleges that Defendant was negligent in its failure to provide Plaintiff with FlexPac batteries.  To support its argument, Plaintiff contends that it was owed a duty of care by Defendant to provide FlexPac batteries before May 30, 2006.  However, as a remedy from a prior breach of contract, Defendant was required to deliver 65,000 FlexPac batteries to Plaintiff.  Defendant's obligation to provide Plaintiff's with batteries was, therefore, an "outgrowth of [Defendant's] contractual obligation" to Plaintiff.  See Pennsylvania Manufacturers' Ass'n Insurance Co., 831 A.2d 1178, 1183 (Pa. Super. Ct. 2003).  Moreover, akin to Factory Market, absent the contract Defendant would not have been obligated to deliver the batteries and Plaintiff would have no claim for relief.   Defendant's failure to deliver batteries to Plaintiff merely amounts to a breach of contract, not a violation of a general duty of care.

Plaintiff's negligence claim is barred by the gist of the action doctrine.

**IT IS FURTHER ORDERED** that Defendant's Motion to File a Reply Memorandum (Doc. 11) is **DENIED.**

                                            **BY THE COURT:**

                                            /s/ Petrese B. Tucker
                                            _____
                                            **Hon. Petrese B. Tucker, U.S.D.J.**